IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA L. MOORE, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 08-1436 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an appeal from the final decision of the Commissioner denying plaintiff's claims for supplemental security income ("SSI") under Title XVI of the Social Security Act and disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"). 42 U.S.C. §§ 401-433, 1381-1383(f). Plaintiff, Sheila L. Moore, alleges that this court should remand the decision of the ALJ for further development of the record. The parties have filed cross-motions for summary judgment.

Plaintiff argues that the ALJ committed substantial errors of law in determining that she was not disabled within the meaning of the Act, specifically by failing to fully develop the record in light of the special duty the ALJ owed to plaintiff as an unrepresented claimant and neglecting to weigh the findings of a consultative examiner which support a finding of disability. Defendant's position is that the record was adequately developed and that the ALJ properly weighed the opinion of the consultative examiner.

Where the Commissioner's[1] findings are supported by substantial evidence, we must affirm. *Richardson v. Perales*, 402 U.S. 389 (1971); *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988); see also *Welch v. Heckler*, 808 F.2d 264, 266-7 (3d Cir. 1988) (if supported by substantial evidence, the Commissioner's

---

[1] The ALJ's decision became the final decision of the Commissioner after the Appeals Council denied plaintiff's request for review.

decision must be affirmed, as a federal district court may neither reweigh the evidence, nor reverse the Administrative Law Judge merely because it would have decided the claim differently). Based on the evidence of record and the briefs filed in support of each party's summary judgment motion, the court concludes that substantial evidence supports the Commissioner's finding that plaintiff is not disabled.

Plaintiff's argument that the ALJ failed to fully develop the record is based upon the precedent that the ALJ owes a special duty to unrepresented claimants[2] to develop the record with special care. *Early v. Heckler*, 743 F.2d 1002, 1008 (3d Cir. 1984) (citing *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979)). The ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Reefer v. Barnhart*, 326 F.3d 376, 379-80 (3d Cir. 2003) (citations omitted) (remanding when the ALJ failed to further investigate an impairment elicited at the hearing but which was not documented in the record). When an ALJ's failure to fulfill his heightened duty combined with a lack of representation prejudices a claimant or causes the hearing to be marked by unfairness, remand is necessary. *Dobrowolsky*, 606 F.2d at 407-09; *Gauthney v. Shalala*, 890 F.Supp. 401, 410 (E.D.Pa. 1995) (citing *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980)). Because an ALJ is not obligated to follow prescribed procedures, determining whether an ALJ has met his obligation to take a "heightened level of care" in developing the record must be decided on a case by case basis. *Reefer*, 326 F.3d at 379-80.

In the instant matter, the court finds that the ALJ diligently discharged his duty to ensure the record was complete. After thoroughly explaining the right to representation to plaintiff at the hearing, and noting that plaintiff was also informed of this right in writing, the ALJ obtained a knowing and voluntary waiver of the right to representation from plaintiff. (R. 25-28). The ALJ explained that he could obtain medical records that become necessary based on plaintiff's testimony that have not been submitted. (R. 27). The ALJ had plaintiff review her file and informed plaintiff that was the extent of the records that he had. (R. 28). Plaintiff did not

---

[2] Plaintiff was unrepresented at the administrative hearing because her counsel passed away prior to the hearing date. The ALJ found that plaintiff knowingly and voluntarily waived her right to representation at the administrative hearing. (R. 28).

indicate the file was incomplete.

The only impairment elicited from the testimony of recent origin was plaintiff's fibromyalgia. (R. 39). The record was not without reference to this condition. Plaintiff's primary case physician, Edward G. Dainesi, M.D., ("Dr. Dainesi"), referenced this impairment on residual functional capacity forms completed on April 3, 2008. (R. 266-75). The instructions to these forms state, "Attach all relevant treatment notes, radiologist reports, laboratory and test results that have not been provided previously to the Social Security Administration." (R. 266; 271). No records were attached. It was therefore not unreasonable for the ALJ to assume that the record was complete with respect to evidence that could be offered by Dr. Dainesi.

Finally, the ALJ asked plaintiff if there was anything further that needed to be done in her case, and plaintiff replied that there was not. (R. 55).

The court recognizes that there is a long line of precedent detailing the heightened duty an ALJ owes to an unrepresented claimant, but the scope of that duty does not require the ALJ to become clairvoyant or to engage in redundant pursuits. The court finds that the ALJ has fulfilled his duty to this claimant.

Plaintiff's second argument is that the ALJ failed to weigh the findings of the consulatative examiner, Robert J. Fagioletti, M.D., ("Dr. Fagioletti"). Plaintiff asserts that aside from giving a brief summary of some of Dr. Fagioletti's findings, he neglected to disclose what weight he assigned his medical findings and opinions. Plaintiff notes that the ALJ discussed the weight given to the non-examining State Agency physician, but not the weight given to Dr. Fagioletti's report.

The court cannot accede. In the section of the decision discussing the findings of the consultative physicians, the ALJ refers only to Exhibit 8F. Exhibit 8F is the physical residual functional capacity assessment completed by a State Agency medical consultant. However, in the paragraph detailing his findings, the ALJ refers to medical consultants and concomitant opinions plurally. The only other medical consultant opinion in the record is that of Dr. Fagioletti. Despite the ALJ's failure to specifically identify by exhibit number Dr. Fagioletti's report, the court cannot conclude that the ALJ neither considered nor weighed his opinion. The ALJ specifically refers to grossly restricted exertional or non-exertional work requirements,

restrictions not found in Exhibit 8F. Furthermore, the ALJ is not required to use special language or follow a specific formula in crafting his decision. The interest of judicial economy would be ill served by a remand that would accomplish nothing more than the insertion of an exhibit number into the decision. It is not the function of this court to critique the stylistic components of ALJ decisions, but only to ensure that the decisions are supported by substantial evidence. No principle of administrative law "require[s] that we convert judicial review of agency action into a ping-pong game" in search of the perfect decision. *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969).

"The ALJ need not . . . 'adhere to a particular format in conducting his analysis.' The only requirement is that, reading the ALJ's decision as a whole, there must be 'sufficient development of the record and explanation of findings. . . .'" *Rivera v. Commissioner of Social Security*, 164 Fed.Appx. 260, 262 (3d Cir. 2006) (quoting *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004)); (*see also Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (explaining that review is limited to determining whether decision as a whole is arbitrary, capricious, or contrary to law)). The ALJ is required to consider, discuss, and weigh all relevant medical evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) (citing *Dobrowolsky*, 606 F.2d at 406-07). The court finds that the ALJ has met the requirements in this case.

Under these circumstances, the court finds that the ALJ has committed no error of fact or of law, and therefore the decision of the ALJ denying plaintiff's applications for supplemental security income and disability insurance benefits will be affirmed.

AND NOW, this 26 day of March, 2010, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment [doc. no. 9] is DENIED and defendant's motion for summary judgment [doc. no. 11] is GRANTED.

BY THE COURT:

_____,C. J.
The Honorable Gary L. Lancaster,
Chief United States District Judge

cc: All Counsel of Record

4